IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STEVEN BONILLA,<br><br>   Plaintiff.<br>_____/ | Nos. C 11-5162 CW (PR)<br>C 11-5163 CW (PR)<br>C 11-5164 CW (PR)<br>C 11-5165 CW (PR)<br><br>ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |

Between June 1 and October 1, 2011, Plaintiff, a state prisoner incarcerated at San Quentin State Prison, filed in this Court thirty pro se civil rights actions under 42 U.S.C. § 1983. The Court dismissed all of those actions because none of the allegations in Plaintiff's complaints stated a claim for relief under § 1983. Moreover, in the most recent Order of Dismissal filed on October 25, 2011, the Court expressly informed Plaintiff that nine of his actions were being dismissed without leave to amend for failure to state a claim upon which relief may be granted and, as a result, Plaintiff will not be permitted to proceed in forma pauperis in any future civil action he files in this Court, as set forth in 28 U.S.C. § 1915(g). See In re Steven Bonilla, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.

On October 21, 2011, four days prior to the Court's entry of the above Order of Dismissal, Plaintiff filed the present four civil rights actions under § 1983. Thus, because the Court's ruling that Plaintiff will be subject to the provisions of § 1915(g) was not yet final when Plaintiff filed the present actions, § 1915(g) does not apply herein. See Silva v. Di

Vittorio, No. 08-15620, slip op. 18329, 18343 (9th Cir. Sept. 26, 2011) (holding district court's dismissal of case does not count as strike under § 1915(g) until dismissal becomes final by virtue of prisoner's waiver or exhaustion of opportunity to appeal).

Nevertheless, these actions are subject to dismissal. A court may dismiss a complaint or individual claims when the complaint or claims are duplicative of claims brought in another case. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed); 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss sua sponte prisoner actions that are frivolous). Here, each of Plaintiff's actions raises claims that have been dismissed by this Court previously on the ground that they fail to state a claim for relief under § 1983.

Specifically, three of Plaintiff's present actions seek monetary damages and/or injunctive relief from individuals or entities that allegedly presented perjured testimony, provided false evidence or otherwise conspired with the prosecution to obtain Plaintiff's conviction. See Bonilla v. People of the State of California, No. C 11-5162 CW (PR), Bonilla v. Baptist, et al., No. C 11-5163 CW (PR), and Bonilla v. Nickerson, No. C 11-5164 CW (PR). Plaintiff's fourth action seeks to compel the Supreme Court of California to rule on Plaintiff's pending state habeas petition. See Bonilla v. California Supreme Court, No. C 11-5165 CW (PR). All of these claims previously have been reviewed and dismissed by this Court either because they seek relief that can be pursued only in a habeas corpus action or because they fail to state a claim

2

upon which relief may be granted. See In re Steven Bonilla, Nos. C 11-2612 et seq. CW (PR), Order of Dismissal filed and judgment entered June 13, 2011; In re Steven Bonilla, Nos. C 11-2808 et seq. CW (PR), Order of Dismissal filed and judgment entered June 16, 2011; In re Steven Bonilla, Nos. C 11-3052 et seq. CW (PR), Order of Dismissal filed and judgment entered June 20, 2011; In re Steven Bonilla, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal filed and judgment entered Oct. 25, 2011.

Accordingly, the present four actions are DISMISSED with prejudice because they merely repeat previously dismissed claims. See Cato, 70 F.3d at 1105 n.2. Additionally, in view of Plaintiff's lack of funds, his applications to proceed in forma pauperis are GRANTED.

The Clerk of the Court shall enter judgment in each of these civil rights actions, terminate all pending motions therein, and close the files. The Clerk of the Court also shall file a copy of this Order in C 08-0471.

IT IS SO ORDERED.

Dated: 11/22/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA,

    Plaintiff,

v.

PEOPLE OF STATE OF CA et al,

    Defendant.

Case Number: CV11-05162 CW
CV11-05163 CW
CV11-05164 CW
CV11-05165 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Wayne Bonilla J-48500
San Quentin State Prison
San Quentin, CA 94964

Dated: November 22, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

4